C.  M.  CONDON  v.  LOU  WOOD,  AND  LOU  WOOD  *as*
*Administrator  of  the Estate  of  William  H.  Wood,  de-*
*ceased.*

### No. 296.

PRACTICE— *Confirmation of Sheriff's Sale.*  Where the proceed-
ings prior to and at a sheriff's sale of real estate were regular and
. in conformity with the  foreclosure judgment, and no extrinsic
facts affecting the validity of the sale were  shown  in support of
the motion to set the same aside, *held*, error to sustain such mo-
tion.

Error from Kingman district court ; ·W. O. BASHORE,
judge.    Opinion filed February 14, 1898.    Reversed.

- AT a sheriff's sale on April 18, 1892, Condon, the
plaintiff in error and mortgagee, purchased the mort-
gaged land for $100, subject to a first, mortgage of
$1500, the amount due at that date on his judgment

being $167.50, and his mortgage being a second lien on the premises. On April 21 he filed a motion for confirmation of the sale, but on May 2 the court continued the hearing of his motion until the succeeding September term of court, and the defendants for the first time appeared in the action and orally objected to the confirmation of the sale, the sole ground of their objection being that Condon had been paid his claim in full subsequent to the date of the sale. It appears that the land had been rented as a farm during the years 1891 and 1892, and that the receiver in the foreclosure suit had collected rents from the premises amounting in the aggregate to $147.86; the expenses in collecting the same being $11.50, leaving a net balance of $136.36. No allowance had yet been made to the receiver for his services. The costs of the action, including the costs of the sale, amounted to $48.85. The delinquent taxes on the land amounted to $43.70. Condon had collected the rentals accruing between the date of the sale and the date of the hearing of the motion to confirm the same, the net proceeds so collected being $150.37. The foregoing facts were agreed to by the parties, and upon these facts the court based its decision in overruling the motion to confirm the sale. The court ordered that out of the funds in the hands of the plaintiff, and of the receiver, the plaintiff should be paid the amount of his judgment and the interest thereon; that after the costs of the action had been paid, the balance should be delivered to the defendants; and that the receiver should thereupon be discharged. To this action of the court Condon duly excepted, and by proper proceedings the case is presented to us for review.

*Hay & Hay*, for plaintiff in error.

*Gillett Bros. & Co.*, for defendants in error.

Condon v. Wood.

The opinion of the court was delivered by

MILTON, J. : The record is very incomplete, and we have not the aid of a brief on the part of defendants in error.   The case-made shows that the proceedings prior to and at the sheriff's sale of the mortgaged land were all regular and in conformity with the judgment and the statute.   Under such circumstances, it was the duty of the court to confirm the sale unless there existed extrinsic facts requiring a different course.   We fail to discover such facts.   The plaintiff had received no part of the judgment prior to the sale of the land. Upon confirmation of the sale his judgment would have been reduced to the extent of the price he bid for the premises.   The receiver did not have funds sufficient prior to or at the date of the sale to satisfy plaintiff's judgment.   Plaintiff's right to purchase is clear. Whether or not he was entitled to the rentals accruing between the date of the sale and of its confirmation is irrelevant to the single issue presented, which concerns only the regularity of the proceedings of the officer in respect to the sale.   As already stated, no irregularity appears, and none was claimed at the hearing of the motion.   No right of redemption existed after the sale and it should have been confirmed.   It is unnecessary to cite the numerous decisions of our supreme court in which the matters here referred to have been fully considered and decided.   The order, and judgment of the district court are reversed, and the case remanded with instructions to confirm the sale.